### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| DWIGHT ANDRE THOMAS, JR. ) | |
| ) | |
| Movant/Defendant,  ) | |
| ) | |
| v.                                                   ) | 2:11-cv-8019-RDP-JEO |
| ) | (2:09-cr-0277-RDP-JEO) |
| ) | |
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Respondent               ) | |

### MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

Dwight Andre Thomas, Jr. is serving a 322-month sentence imposed by this court following his plea of guilty to federal drug and weapons charges. Now acting *pro se*, Thomas has filed a motion to vacate, set aside or correct his federal sentence pursuant to 28 U.S.C. § 2255. (Civ. Doc. 1; Crim. Doc. 28 ("§ 2255 Mot.")[1]. It is now before the undersigned United States Magistrate Judge for report and recommendation, *see* 28 U.S.C. § 636(b)(1) and LR 72.1(b)(3)(B), on the Government's motion to dismiss the action as barred by the statute of limitations. (Civ. Doc. 6). Thomas has filed a reply thereto. (Civ. Doc. 7). Upon consideration, it will be recommended that the Government's motion to dismiss is due to be denied without prejudice.

### I.     BACKGROUND

Thomas pled guilty, without a plea agreement, to a three-count indictment, charging him with the following: (1) possession with intent to distribute 50 or more grams of a mixture and substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and (b)(1)(C); (2) carrying

---

[1]    Citations herein to "Civ. Doc(s) ___" are to the court file document numbers as assigned by the clerk of this court in the § 2255 civil action, 2:11-cv-8019-RDP-JEO. Citations to "Crim. Doc(s) ___" are to the document numbers as assigned by the clerk in the underlying criminal action, 2:09-cr-0277-RDP-JEO.

a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (3) possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). On January 14, 2010, the court entered a judgment imposing a 322-month custodial sentence. (Crim. Doc. 26). Thomas did not appeal.

On April 25, 2011, the clerk of this court received and filed Thomas's instant § 2255 motion, which Thomas signed and dated April 19, 2011. (§ 2255 Mot. at p. 12 of 20). In his motion, Thomas raises four grounds for relief. In his first claim, Thomas argues that his appointed counsel, William J. Brower, was ineffective because he allegedly failed to consult with Thomas about filing an appeal and failed to appeal after being asked to appeal the sentence. In his second claim, Thomas contends that police obtained evidence against him as a result of a traffic stop that he says violated his rights under the Fourth Amendment. Next, Thomas asserts that he suffered from "diminished capacity" and was carrying a firearm "due to insanity." (§ 2255 Mot. at p. 7 of 20). Finally, Thomas seeks to be resentenced on his crack cocaine offense based upon *Kimbrough v. United States*, 552 U.S. 85 (2007), using a lower guideline ratio.

After the court entered an order requiring the Government to show cause why Thomas is not entitled to relief, the Government moved to dismiss the action on the grounds that it was filed outside the one-year limitations period imposed by 28 U.S.C. § 2255(f)(1). (Civ. Doc. 6). Thomas then filed a response in opposition to the Government's motion. (Civ. Doc. 7). There, Thomas makes two arguments. First, he contends that his § 2255 motion should be considered on its merits, even if filed too late, because his appointed counsel was ineffective in that he failed to consult with him about an appeal and failed to an appeal as requested. Second, Thomas argues that his § 2255 motion is, in fact, timely filed on the theory that, although he did not pursue a direct appeal, his conviction did

not become final until the expiration of the 90-day period in which he might have filed a petition for certiorari in the Supreme Court of the United States.

## II.     DISCUSSION

Section 2255 authorizes a federal prisoner to move the court of conviction to vacate, set aside, or correct her sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a). Section 2255 motions are subject to a one-year statute of limitations that runs from the latest of four dates. 28 U.S.C. § 2255(f). Only two of those dates are relevant here:

> (1) the date on which the judgment of conviction becomes final;
>
> * * *
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Government argues that Thomas's case is governed by § 2255(f)(1), with the one-year limitations period having been triggered on the date that his conviction became final. Where, as here, a defendant does not appeal, his conviction becomes final upon the expiration of the time to file a timely notice of appeal. *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). The judgment in Thomas's case was filed on January 14, 2010. He then had fourteen days in which to file a timely notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A)(i). His conviction thus became final on January 28, 2010, and the limitations period would have expired one year later, on January 28, 2011. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that the AEDPA limitations period expires on the one-year "anniversary date" of the event starting the clock). Although Thomas's § 2255 motion was docketed in this court on April 25, 2011, under the prison mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 276 (1988), it is presumed to have been filed on

April 19, 2011, the date that it was signed. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Even so, Thomas's § 2255 motion comes some 81 days too late if § 2255(f)(1) is the applicable trigger date.

Thomas argues, however, that his motion is, in fact, timely under § 2255(f)(1) on the theory that his conviction was not actually final when the time for an appeal expired. Specifically, he offers that he had an additional 90 days to file a petition for certiorari in the Supreme Court of the United States and that such period extends the finality of his conviction. On that score, Thomas is clearly wrong. It is true that where a federal criminal defendant appeals to the court of appeals but then does not seek review in the Supreme Court, his conviction is deemed final only upon the expiration of the 90-day period in which he might have filed a timely petition for certiorari in the Supreme Court. *See Clay v. United States*, 537 U.S. 522, 527 (2003); *United States v. Close*, 336 F.3d 1283, 1285 (11th Cir. 2003). However, because the Supreme Court can only review decisions of a court of appeals, a defendant who does not appeal does not receive the benefit of the 90-day certiorari period. *See Murphy*, 634 F.3d at 1307; *Ramirez v. United States*, 146 Fed. App'x 325, 326 (11th Cir. 2005); *see also Pugh v. Smith*, 465 F.3d 1295 1299-1300 (11th Cir. 2006)(holding that a state prisoner seeking habeas relief under 28 U.S.C. § 2254 must have sought review in the state court of last resort in order to count the 90-day certiorari period). Accordingly, Thomas's motion cannot be deemed timely under § 2255(f)(1) based on the 90-day period for filing a certiorari petition.

Nonetheless, Thomas's motion may yet be timely. The Government's motion to dismiss is premised solely upon the applicability of the § 2255(f)(1) trigger date. However, Thomas has claimed that his lawyer was ineffective by failing to appeal despite allegedly having been specifically requested to do so, in violation of the Sixth Amendment. *See Roe v. Flores-Ortega*, 528 U.S. 470 (2000). The limitations period for such a claim is governed not by § 2255(f)(1) but, rather, by

4

subsection (f)(4). That is, a "§ 2255 motion based on counsel's failure to file a requested direct appeal is considered timely under § 2255(f)(4) if the movant files within one year of discovering, through the exercise of due diligence, that counsel did not file the requested appeal." *Long v. United States*, 626 F.3d 1167, 1169 (11th Cir. 2010) (citing *Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002)); *Townsley v. United States*, 459 Fed. App'x 881, 884 (11th Cir. 2012).

Under § 2255(f)(4), the limitations period "begins to run when the facts *could have been discovered* through the exercise of due diligence, not when they were *actually* discovered." *Aron*, 291 F.3d at 711 (emphasis original). The Eleventh Circuit has advised that a district court should begin its analysis in this area by ascertaining whether the petitioner acted with due diligence. *Id.* "Due diligence" in this context "does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts." *Id.* at 712; *see also Johnson v. United States*, 544 U.S. 295, 310-11 (2005) (stating that a petitioner must act with "reasonable promptness" and that the movant was not diligent where he "delayed unreasonably"). The diligence inquiry "is an individualized one that must take into account the conditions of confinement and the reality of the prison system." *Aron*, 291 F.3d at 712 (internal quotation marks and citation omitted). If the district court finds that the petitioner was diligent, then the one year limitations period begins to run on the date of actual discovery of the relevant facts underlying the claim. *Id.* at 711. If the court finds that the petitioner was *not* diligent, the court must determine when those facts could have been discovered with due diligence, and the one-year clock starts from that point. *Id.*

While Thomas says that he told his counsel that he wanted him to appeal, it is unclear how or when Thomas actually learned that no such appeal was filed. Thomas also asserts generally that he "was not taught nor understood the appeals procedure and statutes." (§ 2255 Mot. at 11 of 20).

However, it cannot be determined from the limited information now before the court what communications might have been had between Thomas and his attorney or what efforts Thomas might have undertaken post-sentencing to determine whether an appeal had been filed. As such, it cannot be reasonably ascertained at this time whether Thomas acted with due diligence. However, there is no hard and fast rule for when a prisoner should reasonably discover that a direct appeal was not filed on his behalf. *Compare Townsley*, 459 Fed. App'x at 885 (reversing and remanding for further proceedings on timeliness of *Flores-Ortega* claim where § 2255 motion was filed 59 days after expiration of deadline under § 2255(f)(1) based on conviction finality); *Ryan v. United States*, 657 F.3d 604, 607-08 (7th Cir. 2011) (recognizing that it may be reasonable for a prisoner to take two months to discover that no appeal was filed and remanding for further proceedings); *United States v. Lopez*, 194 Fed. App'x 511, 513 (10th Cir. 2006) (reversing and remanding for further proceedings to determine whether § 2255 motion filed almost four months after (f)(1) deadline was timely under (f)(4)); *Granger v. Hurt*, 90 Fed. App'x 97, 100 (6th Cir. 2004) (diligent prisoner may wait at least two months before inquiring into whether counsel followed instructions); *Wims v. United States*, 225 F.3d 186, 191 (2d Cir. 2000) (five months may be reasonable), *with Tucker v. United States*, 249 Fed. App'x 763, 766-67 (11th Cir. 2007) (*Flores-Ortega* claim untimely where defendant was not diligent and § 2255 motion was filed eleven months after (f)(1) deadline); *Williams v. United States*, 2011 WL 1878124, *2-3 (S.D. Fla. 2011) (same, § 2255 motion filed seven months after (f)(1) deadline); *Anjulo-Lopez v. United States*, 541 F.3d 814, 819 (8th Cir. 2010) (same, § 2255 motion filed three months after (f)(1) deadline). Even assuming that Thomas did not act diligently, given that he filed his § 2255 motion only about 80 days after the expiration of the § 2255(f)(1) deadline arising from the date that a direct appeal could have been filed, it is entirely possible that his motion is timely under § 2255(f)(4). *See Townsley*, 459 Fed. App'x at 885; *Ryan*,

657 F.3d at 607-08; *Lopez*, 194 Fed. App'x at 513; *Granger*, 90 Fed. App'x at 100 *Wims*, 225 F.3d at 191. Accordingly, it cannot be said that Thomas's § 2255 motion appears untimely on its face so as to warrant dismissal at this time. *See Wims*, 225 F.3d at 190-91; *Ryan*, 657 F.3d at 608-09.

### III.   RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that the Government's motion to dismiss (Doc. 6) is due to be **DENIED WITHOUT PREJUDICE**, with leave to refile a motion, if the Government chooses, addressing the applicability of 28 U.S.C. § 2255(f)(4).

Any party may file specific written objections to this report within fourteen (14) days of the date it is filed in the office of the Clerk. Any objections filed must specifically identify the findings in the magistrate judge's recommendation to which the objections pertain. Frivolous, conclusive, or general objections will not be considered by the District Court. Failure to file written objections to the proposed findings and recommendations of the magistrate judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). It is not necessary for the petitioner to repeat his legal arguments. As to the facts, if the petitioner does respond, he should limit himself to addressing the statements of fact contained in the report and recommendation to which he objects. The right to file objections is not an opportunity to make new allegations or to submit additional evidence. A copy of the objections must be served upon all other parties to the action.

The Clerk is **DIRECTED** to serve a copy of this Report and Recommendation upon the Petitioner at his last known address as well as counsel for the Respondents.

**DONE**, this the 6th day of November, 2012.

                                            _/s/ John E. Ott_
                                            **JOHN E. OTT**
                                            Chief United States Magistrate Judge