FILED
2014 Sep-22  PM 03:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DWIGHT ANDRE THOMAS, JR., | ) | |
| | ) | |
| **Movant/Defendant,** | ) | |
| **v.** | ) | **Case No. 2:11-cv-08019-RDP-JEO** |
| | ) | **2:09-cr-00277-RDP-JEO** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OPINION

Dwight Andre Thomas, Jr. is serving a 322-month sentence imposed by this court following his plea of guilty to federal drug and weapons charges. Now acting *pro se*, Thomas has filed a motion to vacate, set aside or correct his federal sentence pursuant to 28 U.S.C. § 2255. (Civ. Doc. 1; Crim. Doc. 28 ("§ 2255 Mot.")).[1] The court concludes that the motion is barred by the statute of limitations, 28 U.S.C. § 2255(f).

## I.    BACKGROUND

Thomas pled guilty without a plea agreement to a three-count indictment charging him with the following: possession with intent to distribute 50 or more grams of a mixture and substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and (b)(1)(C) ("Count 1"); carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Count 2"); and possession of a firearm after having been previously convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) ("Count 3"). On January 14, 2010, the court entered a judgment whereby Thomas was sentenced to 262 months imprisonment on Count 1; 120 months imprisonment on Count 3, with those sentences to run concurrently; and 60 months on Count 2, to

---

[1]Citations herein to "Civ. Doc. ___" are to the court file document numbers as assigned by the Clerk of the Court in the § 2255 "civil" action, 2:11-cv-08019-RDP-JEO. Citations to "Crim. Doc. ___" are to the document numbers as assigned by the clerk in the underlying criminal case, 2:09-cr-00277-RDP-JEO.

run consecutively to the sentences on Counts 1 and 3. (Crim. Doc. 26). Thus, Thomas received a total custodial sentence of 322 months. (*Id.*) The court advised Thomas at the sentencing hearing that he had ten days in which to file a notice of appeal.[2] (Crim. Doc. 30 at 9-10). Thomas did not appeal.

On April 25, 2011, the clerk of this court received and docketed Thomas's instant § 2255 motion, which Thomas signed and dated April 19, 2011. (§ 2255 Mot. at p. 12 of 20). In his motion, Thomas raises four grounds for relief. First, Thomas argues that his appointed trial counsel was ineffective because he allegedly failed to consult with Thomas about filing an appeal and failed to appeal after Thomas allegedly asked him to do so. (*Id.* at p. 4, 11, 13). Second, Thomas contends that the police obtained evidence against him as a result of a traffic stop that he contends violated the Fourth Amendment. (*Id.* at p. 5, 14-16). Third, Thomas asserts that he suffered from "diminished capacity" and was carrying a firearm "due to insanity," such that he was not guilty of that offense or the trial court should have departed downward at sentencing pursuant to § 5K2.13 of the United States Sentencing Guidelines. (*Id.* at p. 7, 17). Finally, Thomas argues that the court should have sentenced him on his crack cocaine offense using a lower guideline ratio, pursuant to *Kimbrough v. United States*, 552 U.S. 85 (2007). (*Id.* at p. 8, 18-20).

The Government initially responded that Thomas's § 2255 motion is due to be denied as untimely under 28 U.S.C. § 2255(f)(1) because it was filed more than one year after Thomas's conviction became final. (Civ. Doc. 6). The court agreed that Thomas's motion was not filed within

---

[2]Effective December 1, 2009, FED. R. APP. P. 4(b)(1)(A) was amended to provide that a notice of appeal in a criminal case must be filed within 14 days of the judgment, with that calculation including weekends and legal holidays. *See* FED. R. APP. P. 26(a)(1). Previously, however, the rule had specified that a notice of appeal was due within 10 days, but such calculation excluded weekends and holidays. *See United States v. Phillips*, 597 F.3d 1190, 1196 n. 13 (11th Cir. 2010); *United States v. Blaine*, 409 F. App'x 253, 259 & n. 7 (11th Cir. 2010). Accordingly, the actual amount of time for filing a notice of appeal is usually the same under both versions. *See United States v. Rollins*, 607 F.3d 500, 501 (7th Cir. 2010); *United States v. Hammoud*, 2014 WL 969988, at *2 n. 5 (N.D. Fla. Mar. 11, 2014).

that time frame.  Nonetheless, the court concluded that at least Thomas's claim alleging that his counsel was ineffective for failing to file a direct appeal could still be timely because it is subject to 28 U.S.C. § 2255(f)(4), under which the limitations period starts running on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." (*See* Civ. Docs. 8, 9).  In light of that ruling, the court ordered the Government to show cause why Thomas is not entitled to relief in light of that ruling.  (Civ. Doc. 10).

The Government responded by arguing that Thomas's motion remains untimely -- even under § 2255(f)(4) -- because he filed the motion more than a year after he knew or should have reasonably known that no appeal had been filed.  (Civ. Doc. 12).  The Government further contends that all of Thomas's claims are also due to be denied as procedurally defaulted or without merit.  (*Id.*)

In support of its positions, the Government attached an affidavit from Thomas's trial counsel, William J. Brower.  (Civ. Doc. 12-1 ("Brower Aff.")).  Brower states that he did discuss Thomas's appeal rights with him, including the time limits for filing.  (Brower Aff. at 1).  He claims that he further advised Thomas that, while there would be very little chance of success on appeal, if he desired for Brower to file a notice of appeal he should inform him of that decision.  (*Id.*)  Brower indicates, however, that he was not contacted further by Thomas or anyone on his behalf about an appeal.  (*Id.*)

After the court gave notice that it intended to rule summarily based on the Government's response and the other materials in the file, the court offered Thomas an opportunity to supply any additional evidence and argument he desired.  (Civ. Doc. 13).  Thomas accepted that invitation, filing an affidavit of his own, which is dated June 25, 2014.  (Civ. Doc. 14 ("Thomas Aff.")).  With regard to his claims that his counsel was ineffective for failing to discuss his appeal rights and for

failing to file an appeal, Thomas testifies that immediately following his sentencing on January 14,

2010, he spoke with Brower regarding an appeal:

> Immediately following [sentencing], while still in the courtroom, the Undersigned Affiant spoke with Attorney At Law - Mr. Brower about the possibility of an appeal. To which Mr. Brower stated, (Quote) 'What appeal?', and the Undersigned Affiant responded, (Quote) 'I am unhappy with my sentence, its too much.'
>
> The Undersigned Affiant called Mr. Brower five (5) to six (6) days after sentencing and Mr. Brower would not accept any calls from the Undersigned Affiant.  The Undersigned Affiant then had several family members to attempt to contact Mr. Brower on his behalf, however after revealing the source/reason for the call Mr. Brower always turned out to be unavailable.

(Thomas Aff. ¶¶ 9-10).   In addition, Thomas attached to his affidavit a copy of a one-page

handwritten letter he sent to Brower.  (*See* Thomas Aff. ¶ 11; Civ. Doc. 14-1 at 3).    Thomas

contends that he tried to contact Brower concerning his desire to appeal his sentence.  That letter,

which is dated September 1, 2010, states in relevant part as follows:

> Mr. William J. Brower, I'm writing you on the grounds of obtaining my entire case file. ....
>
> This information is needful until me for appeal purposes.  I have had my family contact you about obtaining this information, in which you didn't comply.
>
> The sentence I received is a rather steep sentence.  I would appreciate your assistance with me, to contend (sic) to help remove this burden. .... May you please respond to me as soon as possible because of statues (sic) of limitation on appeals. Thank you for your cooperation and support.

(Civ. Doc. 14-1 at 3).

In his affidavit, Thomas also appears to suggest that his trial counsel was ineffective in two

additional respects.  First, Thomas complains that his counsel failed to file a motion to suppress the

evidence recovered as a result of the traffic stop that forms the basis of the Fourth Amendment claim

in his original motion. (Thomas Aff. ¶ 7).  Second, Thomas asserts that counsel "never investigated"

to determine whether "50 grams of crack cocaine was properly attributed to [Thomas] during sentencing." (*Id.* ¶ 8). Apparently in support of this latter claim, Thomas asserts that, while the indictment allegedly charged him "with possession with the intent to distribute 50 grams of crack cocaine" (*id.* ¶ 6), he was in possession of only about 30.78 grams of crack cocaine and about another 30.78 grams of "powder cocaine" upon his arrest. (*Id.* ¶ 6).

## II.     DISCUSSION

Section 2255 authorizes a federal prisoner to file a motion to vacate, set aside, or correct his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L No. 104-132, 110 Stat. 1214 (1996), § 2255 motions are subject to a one-year statute of limitations that runs from the latest of four dates, as follows:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). AEDPA creates a nearly identical limitations period scheme for state prisoners filing federal habeas petitions under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1)(A) - (D). A court must determine which AEDPA limitations period trigger date applies on a claim-by-claim basis. *See Zack v. Tucker*, 704 F.3d 917, 918 (11th Cir. 2013) (en banc). Accordingly, a prisoner's inclusion in his petition for postconviction relief of a claim that is timely under one subsection of

the statute of limitations cannot save another claim that is governed by, and is untimely under, another subsection. *Id.*

Claims for post-conviction relief in federal court, whether raised by state prisoners in habeas pursuant to § 2254 or by federal prisoners in motions to vacate under § 2255, are generally subject to the one-year statute of limitations that commences upon the finality of the prisoner's conviction. *See* 28 U.S.C. §§ 2244(d)(1)(A), 2255(f)(1); *Figuereo-Sanchez v. United States*, 678 F.3d 1203, 1207 (11th Cir. 2012); *Johnson v. United States*, 340 F.3d 1219, 1222 (11th Cir. 2003); *Downs v. McNeil*, 520 F.3d 1311, 1317 (11th Cir. 2008). Indeed, conviction finality acts as *de facto* default trigger for the AEDPA limitations period, *see Corey v. United States*, 221 F. App'x 1, 2 (1st Cir. 2007); *Vidro v. United States*, 2003 WL 22871691, at *2 n. 2 (D. Conn. Dec. 1, 2003), insofar as it applies to all claims brought by prisoners, like Thomas, whose convictions became final after AEDPA's April 24, 1997 effective date. *See Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998). This rule applies unless the circumstances enumerated in one of the other three subsections authorizing a delayed commencement of the limitations period are shown to be present. *See Jones v. United States*, 304 F.3d 1035, 1038 n. 6 (11th Cir. 2002); *Jackson v. Secretary for Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002).

As explained in the magistrate judge's prior report and recommendation which was adopted by the court, to the extent that Thomas's claim are subject to § 2255(f)(1), they are untimely. (*See* Civ. Docs. 8, 9); *Thomas v. United States*, 2012 WL 5954141, at *2 (N.D. Ala. Nov. 6, 2012). This court's judgment against Thomas was entered on January 14, 2010, and he did not appeal. His conviction therefore became final 14 days later, on January 28, 2010, when the time expired for filing a timely notice of appeal. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011);

FED. R. APP. P. 4(b)(1)(A)(i).  The limitations period of § 2255(f)(1), in turn, expired one year later,

on January 28, 2011.  Even giving Thomas the benefit of the prison mailbox rule, *see Houston v.*

*Lack*, 487 U.S. 266, 276 (1988), his instant § 2255 motion would not be deemed filed any earlier

than the date it is signed, April 19, 2011.  *See Washington v. United States*, 243 F.3d 1299, 1301

(11th Cir. 2001).  As such, Thomas's § 2255 motion comes 81 days too late as it relates to claims

subject to § 2255(f)(1).

The next question, then, is whether any of Thomas's claims are eligible for a delayed

commencement of the limitations period under subsection (f)(2), (3), or (4).  Reading his *pro se*

filings liberally, *see Stewart v. United States*, 646 F.3d 856, 857 n. 1 (11th Cir. 2011), the court

discerns Thomas's § 2255 motion (Civ. Doc. 1) and his recently-filed affidavit (Civ. Doc. 14) to

raise the following claims:

(1)  the police illegally obtained evidence following a traffic stop that violated Thomas's Fourth Amendment rights;

(2)  counsel was ineffective for failing to move to suppress the evidence from the traffic stop;

(3)  counsel was ineffective for failing to contest the sufficiency of the evidence as it related to the amount of crack cocaine in Thomas's possession;

(4)  Thomas allegedly suffered from "diminished capacity" such that he either was not guilty of the firearm possession offense or that he should have received a downward departure pursuant to USSG § § 5K2.13;

(5)  the trial court erred in failing to depart downward from his guideline sentence for his crack cocaine offense based on *Kimbrough*;

(6)  counsel was ineffective because he failed to consult with Thomas about filing a direct appeal; and

(7)  counsel was ineffective because he failed file a direct appeal after Thomas allegedly instructed him to do so.

Thomas does not assert that he was prevented from filing his § 2255 motion by any state impediment, and none of the claims listed above purport to rely upon a right first recognized by the Supreme Court since his conviction became final. Thus, neither § 2255(f)(2) nor (f)(3) apply. Rather, the only issue is the applicability of § 2255(f)(4).

The limitations period of § 2255(f)(4) is triggered by the actual or imputed discovery of the important facts underlying a claim, not the defendant's recognition of the legal significance of those facts. *Perez v. United States*, 2014 WL 31326, at *5 n. 10 (S.D. Fla. Jan. 2, 2014); *United States v. Pollard*, 416 F.3d 48, 54-55 (D.C. Cir. 2005); *Owens v. Boyd*, 235 F.3d 356, 359-60 (7th Cir. 2000)); *accord Madaio v. United States*, 397 F. App'x 568, 570 (11th Cir. 2010) (§ 2255(f)(4)'s reference to "facts supporting the claim" does not extend to the defendant's discovery of a new judicial opinion articulating a legal principle supporting a claim). Thus, § 2255(f)(4) does not apply to claims based on "vital facts" that occurred in or prior to the trial court proceedings of which the defendant was or should have been aware in the exercise of due diligence prior to the time that his conviction became final. *See Gurley v. Daniels*, 2013 WL 5524141, at *4 (N.D. Ala. Sep. 30, 2013); *Abdullah v. United States*, 2012 WL 4475730, at *2 (M.D. Ala. July 20, 2012) (§ 2255(f)(4) did not apply where "all of the facts underlying [the defendant's] claim were known–or could have been known–at sentencing."); *see also United States v. James*, 323 F. App'x 746, 750 n. 1 (11th Cir. 2009) (federal prisoner's claims alleging errors in the calculation of federal sentence and disputing the evidence of his guilt would be governed by § 2255(f)(1), not (f)(4)); *Ford v. Gonzalez*, 683 F.3d 1230, 1235-36 (9th Cir. 2012) (Section 2244(d)(1)(D) does not apply where a state prisoner "relies on a factual predicate and speculative inferences therefrom which have been present since the trial itself (whether or not they were recognized by anyone)."); *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004)

("Section 2244(d)(1)(D) provides a petitioner with a later accrual date than section 2244(d)(1)(A) only if vital facts could not have been known by the date the appellate process ended." (citation and internal quotation marks omitted)); *cf. Aron*, 291 F.3d at 715 (recognizing that even if defendant's § 2255 claim alleging counsel was ineffective for failing to appeal his sentence was timely under what is now § 2255(f)(4), his claims challenging the sufficiency of the evidence and the legality of his conviction would remain untimely).

Thomas has not alleged any facts that would support that claims (1) through (5) listed in the preceding paragraph fall within the scope of § 2255(f)(4) rather than (f)(1). That is, prior to the time that he was due to file a notice of appeal, Thomas was, or in the exercise of due diligence should have been, aware of the vital facts underlying his substantive Fourth Amendment claim, his Sixth Amendment ineffective-assistance claim based on his counsel's failure to raise his Fourth Amendment challenge, his ineffective-assistance claim alleging that counsel failed to contest the evidence establishing the amount of crack cocaine in Thomas's possession, and his two claims alleging this court made legal errors in declining to impose a lesser sentence. Accordingly, those claims are time barred under § 2255(f)(1).

Of course, based on *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), § 2255(f)(4) applies to a claim that counsel was ineffective for failing to file a direct appeal after allegedly being instructed to do so. *See Long v. United States*, 626 F.3d 1167, 1169 (11th Cir. 2010); *Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002); *Townsley v. United States*, 459 F. App'x 881, 885 (11th Cir. 2012). That claim would therefore be timely if filed within one year of the earliest date either that (1) Thomas knew, or (2) should have discovered in the exercise of due diligence, that no appeal had been filed on his behalf. *See Long*, 626 F.3d at 1169; *Aron*, 291 F.3d at 711.

Thomas also contends that his counsel was ineffective because he allegedly failed to "consult" with Thomas about an appeal. That is technically a separate claim insofar as a court might reject a defendant's factual assertion that he instructed his lawyer to appeal and yet believe that relief is warranted based upon the attorney's breach of an antecedent duty under the Sixth Amendment to consult with the defendant about an appeal in certain circumstances. *See Flores-Ortega*, 528 U.S. at 478; *Otero v. United States*, 499 F.3d 1267, 1269-70 (11th Cir. 2007). It is arguable that such a claim is subject to § 2255(f)(1) rather than (f)(4), because the vital fact upon which the claim is based, namely, counsel's failure to consult about an appeal, would have both been known to the defendant himself and occurred prior to the time for filing an appeal. *See Guillory v. Director, TDCJ-CID*, 2008 WL 686431, at *3 (E.D. Tex. Mar. 10, 2008). Nonetheless, because failure-to-consult and failure-to-appeal claims under *Flores-Ortega* are often so closely related, *see Cunningham v. United States*, 378 F. App'x 955, 958 n. 1 (11th Cir. 2010), with both potentially turning largely upon the substance of post-sentencing communications between the defendant and counsel, the court will assume here, without deciding, that both claims are governed by § 2244(f)(4).

When analyzing a claim for timeliness under § 2255(f)(4), the starting point involves determining whether a petitioner exercised due diligence in attempting to discover that no appeal was filed. *Aron*, 291 F.3d at 711. As the Eleventh Circuit has explained:

> [Section 2255(f)(4)] does not require the maximum feasible diligence, but only "due," or reasonable, diligence. *See Wims v. United States*, 225 F.3d 186, 190 n. 4 (2d Cir. 2000). Due diligence therefore does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts. Moreover, the due diligence inquiry is an individualized one that "must take into account the conditions of confinement and the reality of the prison system." *Montenegro* [*v. United States*, 248 F.3d 585, 592 (7th Cir. 2001), *partially overruled on other grounds by Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001)]; *Wims*, 225 F.3d at 190-91 (citing *Easterwood v. Champion*, 213 F.3d 1321, 1323 (10th Cir. 2000)).

*Aron*, 291 F.3d at 712.

In order to take advantage of the delayed commencement of the limitations period under § 2255(f)(4), the burden is on the prisoner to allege facts demonstrating his due diligence in discovering the facts underlying his claim. *Melson v. Allen*, 548 F.3d 993, 999 (11th Cir. 2008) (addressing the corresponding provision applicable to § 2254 habeas petitions, 28 U.S.C. § 2244(d)(1)(D)), *cert. granted on other grounds, vacated, remanded*, 561 U.S. 1001 (2010), *appeal after remand*, 713 F.3d 1086 (11th Cir. 2013).[3]  "Merely alleging that an applicant did not actually know the facts underlying his or her claim does not pass the test."  *Melson*, 548 F.3d at 999. However, where a prisoner's factual allegations are sufficient to create a question of fact as to his diligence or the date that he discovered that no appeal had been filed such that his § 2255 motion would be timely under subsection (f)(4), he is entitled to an evidentiary hearing. *See Aron*, 291 F.3d at 714 & n. 5; *Aragon-Llanos v. United States*, 556 F. App'x 826, 829-30 (11th Cir. 2014).

The Government maintains that Thomas has failed to allege facts showing that he exercised due diligence in determining whether his counsel filed a direct appeal on his behalf.  (Doc. 12 at 7). In opposition to that limitations period argument, Thomas offers precious little.  Instead, he focuses on bolstering his substantive claims that his counsel did not consult with him about appealing and that he indicated to his counsel that he wanted to appeal his sentence.  (*See* Thomas Aff. ¶¶ 9-11).

---

[3] *See Tyler v. United States*, 2012 WL 6808525, at *3 (N.D. Ga. Dec. 6, 2012); *accord Jefferson v. United States*, 730 F.3d 537, 544 (6th Cir. 2013); *see also Johnson v. United States*, 544 U.S. 295, 302 (2005) (holding that a federal prisoner's § 2255 motion based on a state-court vacatur of a conviction used to enhance his federal sentence will be timely under § 2255(f)(4) "only if the petitioner has shown due diligence" in seeking the vacatur order); *see also Warmus v. United States*, 253 F. App'x 2, 6 n. 5 (11th Cir. 2007) (refusing to consider the defendant's argument that § 2255(f)(4) applied because he did not "identify the facts on which his claim relies, or the date they could have been discovered through due diligence."); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010) (recognizing that in order to be entitled to equitable tolling of AEDPA's limitations period based upon extraordinary circumstances beyond the his control, a prisoner has the burden to show that he has been pursuing his rights diligently); *Akins. v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000) (placing the burden on the prisoner to show that he was prevented from filing by an unconstitutional state impediment under what is now § 2255(f)(2)).

Likewise, when expressly asked on the § 2255 motion form to explain why his claims are timely if his conviction became final more than one year earlier, Thomas effectively takes the position that he is entitled to an out-of-time appeal regardless of any limitations period issues. (*See* § 2255 Mot. at 11).  However, even assuming, solely for the sake of argument, that Thomas's counsel failed to consult with him about an appeal or disregarded an instruction to appeal, those Sixth Amendment claims would still be subject to dismissal as untimely if Thomas filed his § 2255 motion more than one year after he actually did discover, or after he could have discovered in due diligence, that his counsel had not filed an appeal. *See Long*, 626 F.3d at 1169; *Tucker v. United States*, 249 F. App'x 763, 765 (11th Cir. 2007).  On that score, Thomas has wholly failed to allege either when or under what circumstances he discovered that his attorney did not file an appeal.  Nor does Thomas identify any steps he took to ascertain that information.  Accordingly, there is nothing to indicate that Thomas exercised due diligence.

At Thomas's sentencing hearing, this court advised him of his appellate rights, including specifically that he had ten days in which to file a notice of appeal. (Crim. Doc. 30 at 9-10).  Thomas acknowledged that he understood those rights. (*Id.*)  Whether a notice of appeal was subsequently filed was a matter of public record, so Thomas could have verified any time after January 28, 2010 that no appeal had been filed simply by contacting the clerk of either this court or the United States Court of Appeals for the Eleventh Circuit. *See Jiminez v. United States*, 2014 WL 988813, at *2 (N.D. Ga. Mar. 12, 2014); *Owens*, 235 F.3d at 360; *see also Green v. Johnson*, 515 F.3d 290, 305 (4th Cir. 2008).  Of course, due diligence did not require Thomas to check up on his counsel's pursuit of an appeal on the very day that his conviction became final absent an appeal. *See Wims*, 225 F.3d at 190.  Rather, when Thomas would have discovered, in the exercise of due diligence, that

12

no appeal had been filed "is a fact-specific issue the resolution of which depends, among other things, on the details of [the defendant's] post-sentence conversation with his lawyer and on the conditions of his confinement after [the date that a notice of appeal was due to be filed.]" *Id.* at 190-91.  However, Thomas makes no allegation that his conditions of confinement hindered him from knowing or attempting to discover whether an appeal had been filed.

Indeed, it bears emphasizing that Thomas does not allege that he *ever* was under an impression that Brower had filed an appeal on his behalf or even that he understood that Brower was going to do so.  In fact, according to Thomas, when he asked Brower immediately after sentencing about the possibility of appealing his sentence because it was "too much," Brower allegedly replied, "What appeal?"  (Thomas Aff. ¶ 9).  While such an inquiry would likely trigger an obligation on Brower's part to consult further about an appeal, *see Flores-Ortega*, 528 U.S. at 480, Brower's alleged response clearly conveyed to Thomas that Brower did not plan to seek review in the Eleventh Circuit at that time.  Thomas asserts that he next tried to call Brower five or six days later.  (*Id.* ¶ 10). Thomas does not say why he made those calls, although it might be presumed that it was for the purpose of further discussing a possible appeal.  Even so, that would tend to support that Thomas himself thought that the matter of an appeal of his case was still unsettled in some respect.  Further, Thomas acknowledges that he never spoke with Brower thereafter because he would not take or return Thomas's calls.  (*Id.*)  Thus, there is no indication that Thomas was lulled into inaction by what Brower said or did.

Finally, and most importantly, it is clear from the record that Thomas was actually and fully aware -- no later than September 1, 2010, *i.e.*, a date seven months after a notice of appeal had been due in his case -- that Brower had not filed an appeal.  In support of his claims under *Flores-Ortega*,

Thomas has furnished a copy of a letter of that date that he sent to Brower, which Thomas

characterizes as "proof" that he tried to contact Brower concerning his "wishes for an appeal of [his]

sentence ...." (Thomas Aff. ¶ 11).  Thomas requested therein that Brower provide Thomas with his

"entire case file," which Thomas said he needed "for appeal purposes," noting that members of his

family had previously contacted Brower about obtaining the file without success.  (Doc. 14-1 at 3).

Thomas further asked Brower to comply "as soon as possible because of the statue [sic] of

limitations on appeals."  (*Id*.)  Notably absent from the letter, however, is any hint that Thomas

believed that Brower had already filed an appeal in Thomas's case or that Thomas understood that

Brower was going to do so.  That is, Thomas did not ask anything like "When are we going to hear

something on my appeal?" or "Did you file an appeal like we discussed?"  Rather, it is unmistakable

Thomas was seeking his case file so that he could proceed in the future with some sort of "appeal"

on his own behalf, belying any suggestion that Thomas thought that Brower had already appealed

his case.[4]  *See Snoddy v. United States*, 2012 WL 1745591, at *13-14 (N.D. Ala. Apr. 20, 2012),

*adopted*, 2012 WL 1745548 (N.D. Ala. May 14, 2012).  Ultimately, it is enough to say that

Thomas's allegations, considered in light of the materials in the court file, fail to support that

Thomas did not know or would not have discovered in the exercise of due diligence that no appeal

had been filed within 80 days after his notice of appeal was due to be filed in this court.  *See Jiminez*,

---

[4]Given that the court expressly advised Thomas at sentencing of the short deadline for filing a notice of appeal, it seems unlikely that, more than seven months later, Thomas would have been trying to prepare a direct appeal.  Thomas may have instead been using the term "appeal" in a generic sense that would encompass any procedural attack on his present conviction or sentence, including a motion to vacate under § 2255.  Indeed, that interpretation is supported by Thomas's request in his letter that Brower respond "as soon as possible because of statues (sic) of limitation on appeals." While there is a 14-day deadline for filing a notice of appeal in a federal criminal case, that arises from a rule of court, FED. R. APP. P. 4(b)(1)(A)(i), and it is not referred to as a "statute of limitations."  This is unlike the timeliness provisions of 28 U.S.C. § 2255(f) that apply to § 2255 motions.  Regardless of whether Thomas might have been referring in the letter to a direct appeal or a collateral attack, however, his correspondence makes clear that he did not believe that any kind of "appeal" was already pending on his behalf at that time.

2014 WL 988813, at *2 (holding that § 2255(f)(4) "would, at most, extend the start date [of the limitations period] for a few weeks beyond the date [the defendant] was convicted, because the 'fact' that [his] attorney did not file a notice of appeal could have been determined [within that time] through the exercise of minimal diligence."); *Anjulo-Lopez v. United States*, 541 F.3d 814, 818-19 (8th Cir. 2010) (*Flores-Ortega* claim was time barred where filed three months after the § 2255(f)(1) deadline); *Pollard*, 416 F.3d at 55 (where the defendant was aware that his counsel did not file a notice of appeal, his claim that his lawyer was ineffective on that basis could not be rendered timely by § 2255(f)(4)).  As a result, Thomas's claims under *Flores-Ortega* are time barred under § 2255(f)(4).

Based on the foregoing, Thomas's claims are untimely filed under § 2255(f).  The court recognizes that the limitations period is subject to equitable tolling in limited circumstances.  *See Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2000); *see also Holland*, 560 U.S. at 649. Likewise, a party may overcome the limitations period by showing that he is actually innocent such that the failure to address his claims on the merits would constitute a fundamental miscarriage of justice.  *See Kizziah v. United States*, 2014 WL 51282, at *5-6 (N.D. Ala. Jan. 7, 2014); *see also McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 1928 (2013).  However, Thomas does not argue that his § 2255 motion might be saved by either doctrine, nor does he make factual allegations that support their application.

## III.    CONCLUSION

For the reasons set forth above, Thomas's motion to vacate his federal sentence, filed pursuant to 28 U.S.C. § 2255, is due to be **DENIED** on the ground that it is barred by the statute of

limitations.  Accordingly, this action is due to be **DISMISSED WITH PREJUDICE**.  A separate

final order will be entered.

        **DONE** and **ORDERED** this    22nd    day of September, 2014.

                                **R. DAVID PROCTOR**
                                UNITED STATES DISTRICT JUDGE